# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>Defendants. | Case No. 1:25-cv-01261-JLT-EGC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY FOR PLAINTIFF**<br><br>(Doc. 11) |

## I.   INTRODUCTION

On April 2, 2026, Mesriani Law Group, attorneys for Plaintiff Marcus Perkins, filed a motion to withdraw as Plaintiff's attorneys, with supporting declaration from Sevana Mourian, Esq. ("Attorney Nourian"). (Doc. 11). Neither Plaintiff nor Defendant Wal-Mart Associates, Inc. have responded (*see* Docket). The matter is therefore deemed unopposed and submitted on the papers, pursuant to Local Rule 230(g), and the hearing set for May 13, 2026, shall be vacated.

Upon consideration of the motion and supporting papers, and for the reasons set forth below, Mesriani Law Group's motion to withdraw as counsel for Plaintiff will be granted.

## II.   BACKGROUND

On January 25, 2025, Plaintiff initiated this action against Defendant in Tulare County Superior Court asserting various discrimination, harassment, and retaliation claims, as well as several state law tort claims. (Doc. 1 at 2, 4). On September 23, 2025, Defendant removed the action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (*Id.*). The court held an initial scheduling conference on January 20, 2026, and entered a corresponding scheduling order the following day. (Docs. 7, 8). Pursuant to the scheduling order, the parties have until October 3, 2026, to complete

fact discovery and trial is set for December 7, 2027.  (Doc 8).

### III.      LEGAL STANDARD

Under Local Rule 182 of the United States District Court for the Eastern District of California, "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared." E.D. Cal. L.R. 182(d).  The rule further provides:

> The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.  Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.  The authority and duty of the attorney shall continue until relieved by order of the Court issued hereunder.  Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

*Id*.  Withdrawal is governed by the California Rules of Professional Conduct (the "Rules of Professional Conduct").  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).  Rule of Professional Conduct 1.16(b)(4) provides that an attorney may request permission to withdraw where "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule Prof. Conduct 1.16(b)(4).  Rule of Professional Conduct 1.16(d) further instructs that "[a] lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other [attorney(s)], and complying with paragraph (e)."[1]

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc*., No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted).

### IV.      DISCUSSION

Attorney Nourian on behalf of Mesriani Law Group states that "Plaintiff's sustained non-cooperation has rendered continued representation unreasonably difficult within the meaning of California Rules of Professional Conduct Rule 1.16(b)(4) and constitutes a substantial failure to

---

[1] Paragraph (e) of Rule 1.16 pertains to returning property and funds to clients.

fulfil obligations to counsel under Rule 1.16(b)(5), thereby providing good cause for withdrawal," (Doc. 11-1 ¶ 9).

Supporting this conclusion, Attorney Nourian declares as follows:

- Upon service of written discovery, Attorney Nourian and her law clerk "both attempted to reach Plaintiff on multiple occasions to facilitate timely responses, including written correspondence and voicemails," but "Plaintiff did not initially respond," (*id.* ¶ 2).

- After Attorney Nourian was required to obtain an extension of time to respond to written discovery, Plaintiff advised Attorney Nourian "he had not seen earlier emails because he does not regularly check his email account," (*id.* ¶ 3).

- Despite Plaintiff's reengagement with his attorneys, "Plaintiff continued to fail to provide [Attorney Nourian] with the information and documents needed to prepare complete discovery responses," (*id.*).

- During a phone call between Attorney Nourian and Plaintiff, "Plaintiff advised that he was unable to fulfil his obligations due to his work schedule and childcare responsibilities," necessitating a second extension to respond to written discovery, (*id.* ¶ 4).

- After the second extension, "Plaintiff again became unresponsive," failing "to produce any documents" or "answer the interrogatories as he had represented he would do," (*id.*).

- On February 13, 2026, Attorney Nourian "sent Plaintiff an email advising him that [she] could not effectively represent him without his participation, that the failure to provide requested documents and information had persisted for approximately 45 days, and that his failure to cooperate could result in unnecessary motion practice and potential court sanctions," to which Plaintiff "did not respond," (*id.* ¶ 6).

- On February 24, 2026, Attorney Nourian "sent Plaintiff a formal written notice via both email and U.S. mail advising him of his continued failure to participate in the litigation and of the potential consequences, including court sanctions, evidentiary

3

exclusion, and dismissal of his claims" and offering Plaintiff the following options: "to immediately re-engage and cooperate with all outstanding discovery and litigation obligations, to authorize voluntary dismissal, or to proceed without the firm while counsel moved to withdraw," (*id.* ¶ 7).

- Attorney Nourian "sought written confirmation of Plaintiff's decision by no later than March 4, 2026," but no written confirmation was received, (*id.*).

- Attorney Nourian was eventually able to make contact with Plaintiff in order to secure Plaintiff's representation that he would "gather and submit the necessary information" to respond to Defendant's demand for supplemental responses to discovery by no later than March 11, 2026, so that those responses could be provided by the demanded date of March 18, 2026, but "[d]espite follow-up communications, Plaintiff did not respond, did not produce any documents, and did not answer any outstanding discovery questions," (*id.* ¶ 8).

- On the evening of March 11, 2026, Attorney Nourian "placed a final telephone call to Plaintiff" but "[n]o response was received," (*id.*).

The Court makes the following findings as to the motion to withdraw: first, Mesriani Law Group has substantially complied with this Court's Local Rule 182(d). Mesriani Law Group informed Plaintiff via U.S. Mail of the filing of the motion to withdraw, (*see* Docs. 11-1 ¶ 10; 11-3).

Second, Mesriani Law Group has demonstrated the substantive requirements for withdrawal under the Rules of Professional Conduct. Courts interpreting Rule 1.16 have held that "a client's failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the client." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, No. CV-14-02139-MWF (VBKx), 2015 WL 12809590, at *1 (C.D. Cal. Mar. 22, 2016) (quoting *Hershey v. Berkeley*, No. EDCV 07–689–VAP (JCRX), 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008)). Here, it appears that, as a result of this breakdown in communication, Plaintiff's counsel has been unable to adequately respond to Defendant's requests for discovery. Plaintiff, having submitted no response to the pending motion, does not dispute this. Responding

4

to an opposing party's request for discovery is the responsibility of the client's attorney. Thus, the Court is satisfied that the above-referenced circumstances render it "unreasonably difficult" for Plaintiff's counsel to perform its duties. *See Rice v. Fielder*, No. 2:18-CV-2743-DMC-P, 2020 WL 3127904, at *2 (E.D. Cal. June 12, 2020)

Third, the Court also finds that Mesriani Law Group has taken reasonable steps to avoid reasonably foreseeable prejudice to the Plaintiff's rights in accordance with Rule of Professional Conduct 1.16(d). Attorney Nourian sought an extension of discovery deadlines, (*see* Doc 11-10 ¶¶ 3, 4, 8), warned Plaintiff multiple times of the consequences of his failure to engage with his attorneys or cooperate with his discovery obligations, (*id.* at 6–7), ¶ and served a copy of the motion and on Plaintiff, (*see* Docs. 11-1 ¶ 10; 11-3).

Finally, in light of both Plaintiff and Defendant's lack of opposition to the motion (*see* Docket), the Court declines to find that either party would be prejudiced by the withdraw.[2]

For the foregoing reasons, the Court shall grant the motion to withdraw.

## V.    CONCLUSION AND ORDER

Considering Mesriani Law Group's reasons for withdrawal, the absence of prejudice to the parties, the absence of harm to the administration of justice, and the absence of potential delay, Attorney Nourian's motion on behalf of Mesriani Law Group to withdraw as attorneys for Plaintiff, (Doc. 11), is GRANTED. The hearing set for May 13, 2026, is VACATED.

The Clerk of Court is ORDERED to RELIEVE Rodney Mesriani and Sevana Nourian of Mesriani Law Group as attorneys for Plaintiff. **Within five (5) business days of the date of this order**, Attorney Nourian SHALL send to Plaintiff via U.S. mail all client materials and fees advanced in accordance with Rule of Professional Conduct 1.16(e).

The Clerk of Court SHALL serve a copy of this order via U.S. Mail on Plaintiff at the following address: 2236 N. Jacob Court, Visalia, California 93291.

///

///

---

[2] The Court also observes that Mesriani Law Group's withdrawal should not cause any delay in the resolution of this action. The case is still in its early stages; trial is currently set for December of 2027. Thus, any substitute counsel hired by Plaintiff will have plenty time to get up to speed on the matter before the trial date.

IT IS SO ORDERED.

Dated:    **May 5, 2026**

UNITED STATES MAGISTRATE JUDGE